IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DISTRICT

| | |
|---|---|
| CHARLES A. LaLIBERTE, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>BUREAU OF PRISONS, )<br>)<br>    Defendant. ) | Case No. 15-00029-CV-W-SRB |

**ORDER**

Before the Court is Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. #17). For the reasons discussed below, the motion is DENIED.

**I. BACKGROUND**

Plaintiff Charles A. LaLiberte brought this action against Defendant Bureau of Prisons ("BOP"). Plaintiff filed his Amended Complaint asserting that BOP officials improperly denied his request for "release gratuity." Defendant LaLiberte seeks compensatory and punitive damages. On August 8, 2015, Defendant submitted its Motion to Dismiss for Lack of Subject Matter Jurisdiction.

**II. LEGAL STANDARD**

Defendant brings its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), which states a claim may be dismissed for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)) (internal citations omitted); Zink v. Lombardi, 783 F.3d 1089, 1098 (8th Cir.) cert. denied, 135 S. Ct. 2941 (2015); Hamilton

v. Palm, 621 F.3d 816, 817 (8th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; Ash v. Anderson Merchs., LLC, No. 14–3258, 2015 WL 4978701, at *1 (8th Cir. 2015).

The Court "must take all factual allegations [made by the plaintiff] as true when considering a motion to dismiss." Great Plains Trust Co. v. Union Pac. R.R. Co., 492 F.3d 986, 995 (8th Cir. 2007); Data Mfg., Inc. v. United Parcel Service, Inc., 557 F.3d 849, 851 (8th Cir. 2009) (noting "[t]he factual allegations of a complaint are assumed true and construed in favor of the plaintiff, even if it strikes a savvy judge that actual proof of those facts is improbable"). However, factual allegations which represent "legal conclusions or formulaic recitation of the elements of a cause of action . . . may properly be set aside." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Iqbal, 556 U.S. at 677) (internal citations omitted). The pleading standard "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555) (internal quotations omitted); Zink, 783 F.3d at 1098 (8th Cir. 2015) (stating a pleading must offer more than "naked assertions that are devoid of further factual enhancement") (quoting Twombly, 550 U.S. at 570) (internal quotations omitted); see, e.g., Ritchie v. St. Louis Jewish Light, 630 F.3d 713, 717 (8th Cir. 2011) (finding the district court appropriately granted a motion to dismiss where "facts pleaded in [plaintiff's] complaint [did] not permit [the court] to infer more than the mere possibility of misconduct").

The "evaluation of a complaint upon a motion to dismiss is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Braden, 588 F.3d at 594 (internal citations omitted). "[T]he complaint should be read as a whole, not parsed

piece by piece to determine whether each allegation, in isolation, is plausible." Id.; see also Zoltek Corp. v. Structural Polymer Group, 592 F.3d 893, 896 n.4 (8th Cir. 2010) (noting the court's task "is to review the plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation").

"Pro se complaints are to be construed liberally[.]" Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). "A pro se complaint should be given liberal construction, . . . if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." Id. at 915. In his case, the plaintiff's pro se complaint will be liberally viewed to determine if there is a cause of action that is not subject to dismissal.

### III. DISCUSSION

Defendant seeks to dismiss Plaintiff's claim of alleged constitutional violations on the basis that the Court lacks subject matter jurisdiction because a claim against a federal agency is barred by sovereign immunity. Plaintiff argues his due process and equal protection rights were violated by BOP officials when they denied him the release gratuity.

When a former BOP inmate "alleges a constitutional deprivation, he may bring a Bivens claim against the offending individual officer[.]" Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 72 (2001). "A Bivens claim is a cause of action brought directly under the United States Constitution against a federal official acting in his or her individual capacity for violations of constitutionally protected rights." Buford v. Runyon, 160 F.3d 1199, 1203 n.6 (8th Cir. 1998). "Bivens and its progeny do not waive sovereign immunity for actions against the United States; it implies a cause of action only against federal officials." Laswell v. Brown, 683 F.2d 261, 268 (8th Cir. 1982). "Sovereign immunity is jurisdictional in nature; absent waiver, sovereign

immunity shields Federal Government and its agencies from suit." Roth v. United States, 476 F. App'x 95 (8th Cir. 2012) (translating FDIC v. Meyer, 510 U.S. 471, 475 (1994)).

In order to state a cause of action for damages under a Bivens claim, "the plaintiff must ferret out the officials directly responsible for the alleged constitutional violation." Laswell, 683 F.2d at 268. "[A] Bivens claim does not permit relief against a government employee in an official capacity. The only relief is for damages from the employee in an individual capacity." Hill v. Holinka, Civ. No. 06-4720 (PJS/JJG), 2008 WL 549928, at *2 (D. Minn. Feb. 27, 2008).

As a former inmate in the BOP system, LaLiberte has a right to bring a Bivens claim against an official in his or her individual capacity for an alleged constitutional violation. However, the BOP, as a federal agency, is protected from claims of alleged constitutional violations by sovereign immunity. Thus, by naming only the BOP as the defendant in this action, Plaintiff has not stated a claim for which relief can be granted.

Two cases from District Courts within the Eighth Circuit involved pro se plaintiffs who asserted claims for release gratuity under the wrong cause of action rather than being properly pleaded as Bivens claims. In Davis v. Outlaw, a pro se petitioner brought a claim for release gratuity, but he did so under 28 U.S.C. § 2241. No. 2:10–cv–00135–WRW–BD, 2010 WL 4692602 (E.D. Ark. Oct. 21, 2010). The court held against the plaintiff, stating his claim was not the appropriate cause of action because the petitioner may only "raise a challenge to his conditions of confinement in a civil rights action brought under Bivens." Id. at *2 (internal citation omitted). The court concluded by instructing plaintiff to file a Bivens action if he wished to challenge the conditions of his confinement. Id. at *2, n.3.

The second case, McIntire v. Willis, also involved a pro se petitioner who brought a claim for release gratuity under 28 U.S.C. § 2241. No. 4:14–CV–04108–RAL, 2015 WL

1275430 (D.S.D. Mar. 19, 2015). Again, the court held a section 2241 claim was not appropriate because any claim challenging "conditions of [a prisoner's] confinement" must be a Bivens claim. Id. at *1. The court stated, "[i]n Spencer v. Haynes, 774 F.3d 467 (8th Cir. 2014), the United States Court of Appeals for the Eighth Circuit found that the district court should have liberally construed a prisoner's . . . petition and allowed the prisoner the option to proceed under Bivens rather than dismissing the prisoner's complaint." Id. at *2 (alteration in original) (internal citation omitted).

After recognizing concerns over converting a habeas petition to a Bivens action, the court converted the petition anyway "because McIntire's claim ultimately lack[ed] any merit and because McIntire no longer [was] a prisoner." Id. In finding that McIntire's claim lacked merit as a Bivens action, the court engaged in a thorough analysis of McIntire's inmate account balances and financial circumstances upon release and held "McIntire [could] not establish that the BOP abused its discretion by denying his [release gratuity] request[.]" At this early stage and based on the present record, however, this Court declines to engage in an analysis of Plaintiff's account balances and subsequent financial circumstances. Rather, this Court believes that the liberal construction mandate suggests that the plaintiff should be given an opportunity to convert his claim to a Bivens action.

Even though the complaint was not pleaded with legal nicety, this Court infers that Plaintiff's amended complaint attempts to allege a Bivens claim. However, Plaintiff has currently failed to assert a claim against the individual officers as required to overcome sovereign immunity. Therefore, as construed, Plaintiff's complaint fails to state a claim, but this Court will allow him the opportunity to convert his complaint to a Bivens action and file an amended complaint.

## IV. CONCLUSION

Accordingly, it is hereby

**ORDERED** that Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. #17) is **DENIED** without prejudice; and

**ORDERED** that Plaintiff is directed to file an amended complaint on or before November 6, 2015, as set forth above, if he decides to convert his claim to a <u>Bivens</u> action.

s/ Stephen R. Bough<br>
STEPHEN R. BOUGH<br>
United States District Judge

Dated: October 22, 2015